Lindsey E. STEWART, Parent of the minor, Jason Stewart, on her own behalf and on behalf of her son Jason Stewart, Plaintiff—Appellant,

v.

POWAY UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION TRUSTEES; William Chiment, Trustee of PUSD Board of Education, in his professional and individual capacity; Joann Murphy, Trustee of PUSD Board of Education, in her professional and individual capacity; Emily Shieh, Trustee of PUSD Board of Education, in her professional and individual capacity; Theresa Kurtz, Trustee of PUSD Board of Education, in her professional and individual capacity; John Collins, Trustee of PUSD Board of Education, in his professional and individual capacity; Donald Phillips, Superintendent of PUSD Board of Education, in his professional and individual capacity; Justin Shinnefield, Defendants—Appellees.

Lindsey E. Stewart, Parent of the minor, Jason Stewart, on her own behalf and on behalf of her son Jason Stewart, Plaintiff—Appellant,

v.

Poway Unified School District Board of Education Trustees; William Chiment, Trustee of PUSD Board of Education, in his professional and individual capacity; Joann Murphy, Trustee of PUSD Board of Education, in her professional and individual capacity; Emily Shieh, Trustee of PUSD Board of Education, in her professional and individual capacity; Theresa Kurtz, Trustee of PUSD Board of Education, in her professional and individual capacity; John Collins, Trustee of PUSD Board of Education, in his professional and individual capacity; Donald Phillips, Superintendent of PUSD Board of Education, in his professional and individual capacity; Justin Shinnefield, Defendants—Appellees.

Nos. 05–56480, 06–55768.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2007.[*]

Filed June 29, 2007.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See*

Lindsey E. Stewart, San Diego, CA, pro se.

Jeffery A. Morris, Esq., Stutz Artiano Shinoff & Holtz, San Diego, CA, Paul V. Carelli, IV, Esq., Nancy Long Cole, Esq., Atkinson, Andelson, Loya, Ruud & Romo, Cerritos, CA, for Defendants–Appellees.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM [**]

In these consolidated appeals Lindsey Stewart, the parent of a special education student, appeals pro se the district court's dismissal, for failure to state a claim, of her action against Poway Unified School District (PUSD) and school district employees. Stewart also appeals the district court's denial of her motion for reconsideration of its dismissal with prejudice of her action against certain defendants for failure to effectuate proper service of the summons and complaint. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

After four attempts, Stewart's Third Amended Complaint (TAC) still

Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lacked the necessary specific facts to give notice to any of the defendants as to the nature of the allegations against them. The defendants are identified in the section of the complaint describing the parties, but the complaint does not specify against which defendants each individual claim is made or out of what specific actions the claims arise. Even given the more generous pleading standards for pro se plaintiffs, Stewart has failed to provide a minimum factual basis needed to provide notice to the defendants. Therefore, the district court did not err in dismissing her claims with prejudice. *See Brazil v. U.S. Dep't of Navy,* 66 F.3d 193, 199 (9th Cir. 1995).

■ The district court did not abuse its discretion in denying Stewart's motion for reconsideration of its dismissal of her action against the 16 new defendants. The motion was not based on newly discovered evidence, did not identify clear error in the initial decision, and was not based on an intervening change in controlling law. *See School Dist. No. 1J, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). Moreover, faxing the 16 summonses and a copy of the TAC to the PUSD Superintendent's office does not meet the requirements for service found in Fed. R.Civ.P. 4.

AFFIRMED.